IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI FEDERAL DIVISION

| | | |
|---|---|---|
| REVA CALDWELL<br>10311 Edgefield Drive<br>Saint Louis, MO 63136 | :<br><br>: | CASE NO. |
| Plaintiff, | : | JUDGE: |
| - Vs - | : | |
| LOUIS DEJOY, in his official capacity as<br>Postmaster General<br>United States Postal Service<br>433 W. Harrison Street, Suite 50190<br>Chicago, IL 60669-2201 | :<br><br>:<br><br>: | COMPLAINT |
| And | : | |
| POSTMASTER GENERAL<br>United States Postal Service<br>475 L'Enfant PLZ SW<br>Washington, District of Columbia, 20260 | :<br><br>:<br><br>: | |
| JOHN DOE<br>Name and addresses unknown | : | |
| ANY XYZ CORPORATIONS OR<br>OTHER ENTITIES THAT CONTRIBUTED<br>TO PLAINTIFFS HARM<br>Name and addresses unknown | :<br><br>:<br><br>: | |
| Defendants. | | |

    Plaintiff Reva Caldwell (hereinafter "Mrs. Caldwell"), by and through her counsel, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e et seq., and 42 U.S.C. § 1981a, the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2) remedy acts of employment discrimination and retaliation perpetrated against her by the United States Postal Service (USPS). Plaintiff asserts she was discriminated against and harassed by an employee claiming to have superior employment status to her because of her race (African American). The plaintiff further asserts that management retaliated against her for having complained about such discrimination, created a hostile working environment for her, caused her to suffer major

depression, failed to provide reasonable accommodation, and punished her for using medical leave to obtain treatment for work-induced maladies.

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, The Rehabilitation Act, 29 U.S.C. § 701 et seq. and the Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

## Venue

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff is employed by the United States Postal Service (USPS) in The State of Missouri. Plaintiff's employment records are maintained by the USPS in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## Parties

4. Plaintiff, Mrs. Caldwell, is a black female who is at least 40 years old. She is a citizen of the United States and a resident of the State of Missouri. At all relevant times to this suit, she was employed with USPS in the Office of Administrative Services until the present.

5. The defendant is currently the Postmaster General of the USPS and is being sued here in his/her official capacity only.

## Statement of Facts

6. Mrs. Caldwell, a black female, is a career federal employee with over twenty years of service with USPS before bringing this action.

7. Mrs. Caldwell's first-level supervisor is Karen Abernathy, a white female who was friends with and also supervised Linda Lehmkuhl.

8. Linda Lehmkuhl, a white woman, was Mrs. Caldwell's fellow employee and also an I.S. Operations Technician.

9. Since being hired on what can be described as a "two-man team", Linda and Karen have treated Mrs. Caldwell differently from similarly situated employees such as by using an intimidating attitude, purposely ignoring or excluding an employee, undermining an employee's work; keeping essential information from her when needed; giving her overwhelming or impossible deadlines; assigning too little work to her; and/or making offensive or inappropriate jokes or statements referring to Mrs. Caldwell.

10. Circa August 8, 2016, Mrs. Caldwell filed an inter-office complaint in a timely manner and cried for help asserting harassment and hostility from Linda. After Mrs. Caldwell filed her initial complaint, Linda's treatment of Mrs. Caldwell became more hostile.

11. Rather than address the situation, Karen would respond to the Plaintiff with statements like "That's just Linda" or "That's just Linda being Linda."

12. Circa 2017, rather than respond to Mrs. Caldwell's many reports and requests for help via reasonable accommodation, Karen proposed that Linda retire. As a result, Mrs. Caldwell's workload and responsibilities increased with no assistance or pay increase.

13. Per evidence to be proven at trial, at least two (2) positions became available within the department where Mrs. Caldwell worked. Mrs. Caldwell applied for, qualified for, but was not selected for the two advertised positions.

14. Shortly thereafter, Mrs. Caldwell learned that two (2) white male employees were selected for the positions, and both selectees were under 40.

15. Karen, one of the selecting officials, hired persons who ranked lower than Plaintiff on the list of eligibles and had no experience in USPS's programs as set forth in the job vacancy.

16. The hostile working environment continues to this day. Karen isolated Mrs. Caldwell from her colleagues by not including her in office parties and denying or questioning her leave and training, among other things. Karen also yelled at Mrs. Caldwell, bringing her to tears in front of her peers and subjecting her to public ridicule. Karen did not subject the white employees who reported to her to such treatment.

19. Immediately following Karen's "yelling" tirade, Mrs. Caldwell contacted USPS's Office of Civil Rights to file another complaint alleging discrimination, retaliation, and a hostile work environment.

20. Karen's discriminatory/retaliatory treatment caused Mrs. Caldwell to suffer from panic attacks and depression, among other injuries. Due to these workplace conditions, Plaintiff Caldwell's doctor has discussed telework whenever possible as a reasonable accommodation because the hostile work environment was causing her to suffer from both Major Depression and Generalized Anxiety Disorder, amongst other things.

21. Although it was Linda's race-based and retaliation-based harassment that caused Mrs Caldwell to become medically disabled from performing her job duties, it was USPS's inaction to accommodate her subsequent disability by and through its agent(s) Karen who agreed to Linda's actions and perpetuated a hostile environment and culture directly causing harm to Mrs. Caldwell.

<u>Count One</u>

(Reprisal for Engaging in Protected Activities)

26. The foregoing paragraphs are realleged and incorporated by reference herein.

27. Defendant's conduct, as alleged above, constitutes retaliation against Plaintiff because she engaged in activities protected by Title VII and the ADEA. The stated reasons for Defendant's conduct were not the true reasons but instead were pretexts to hide Defendant's retaliatory animus.

## Count Two

**(Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)**

29. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as thoughtfully set forth herein.

30. USPS has discriminated against Mrs. Caldwell by denying her reasonable accommodation for her disabilities, including occupational stress, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as amended.

31. USPS has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Mrs. Caldwell.

32. By reason of USPS's discrimination, Mrs. Caldwell is entitled to all legal and equitable remedies available under the Rehabilitation Act.

33. Attorney's fees should be awarded under 29 U.S.C. § 794(a) (1).

## Count Three

**(Hostile and Abusive Working Environment)**

34. The foregoing paragraphs are realleged and incorporated by reference herein.

35. The Defendant's conduct, as alleged above, constitutes a hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA. The stated reasons for the Defendant's conduct were. Not the true reasons, but instead were a pretext to hide the Defendant's discriminatory animus.

## Prayer for Relief

WHEREFORE, the Plaintiff requests that the court award her:

a. A retroactive promotion, with all attendant back pay, benefits and other emoluments of employment.

b. the sum of $10,000,000.00 in compensatory damages suffered because of the discrimination and retaliation.

c. front pay at the pay level (including pay increases) until she reaches the age of 65 years when she would have retired from federal service but for USPS's management's discriminatory/retaliatory treatment of her;

d. costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and

e. other damages and further relief as deemed just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully Submitted,

/s/ Kia M. Wrice, Esq.
Kia M. Wrice (0090973)
KIA M. WRICE, ESQ, LLC.
175 S. 3rd Street, Suite 200
Columbus, OH 43215
(614) 219-3409 phone
(614) 574-0273 fax
kia@lawkmwllc.com
*Attorney for Plaintiff*