UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REVA CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-1023-ZMB |
| | ) | |
| DAVID STEINER,[1] *in his official capacity* | ) | |
| *as Postmaster General*, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

Before the Court is Defendant David Steiner's Motion to Dismiss or for Summary Judgment. Doc. 16. Because Plaintiff Reva Caldwell sued several improper defendants by her own admission and otherwise failed to effect service, the Court dismisses this action without prejudice.

## BACKGROUND

### I.    Factual Background[2]

Caldwell is a career federal employee with more than two decades of experience with the United States Postal Service, most recently in the Office of Administrative Services. Doc. 1 ¶¶ 4, 6. She worked in a small team with two other individuals: Karen Abernathy, her direct supervisor, and Linda Lehmkuhl, a fellow employee. *Id.* ¶¶ 6–9. Caldwell alleges that Abernathy and Lehmkuhl—both white women—discriminated against her as an African American. *Id.* ¶ 9. The problems only worsened after Caldwell filed a complaint in August 2016. *Id.* ¶¶ 10–11.

---

[1] David Steiner became the United States Postmaster General in 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Steiner is substituted for his predecessor, Louis DeJoy.

[2] As required at this stage, the Court accepts as true the well-pled facts from the Complaint. *See* Doc. 1; *infra* at 3.

After Lehmkuhl retired, Caldwell applied for two positions in her department that went to younger white men even though they failed to meet some of the job requirements. *Id.* ¶ 13–15. Abernathy was one of the individuals involved in the hiring. *Id.* ¶ 15. She further contributed to a hostile work environment by publicly berating Caldwell in front of fellow employees and retaliating once Caldwell filed another complaint with the USPS Office of Civil Rights. *Id.* ¶¶ 16–19. Because of this treatment, Caldwell suffers from panic attacks and depression. As a result, she has been medically disabled from performing her job duties because of the discrimination. *Id.* ¶¶ 20–21.

## II.      Procedural Background

This is not the first case Caldwell filed regarding these incidents. Indeed, she raised nearly identical claims in another case before this Court. *See Caldwell v. DeJoy*, No. 4:23-CV-114-MTS, Doc. 10 (*Caldwell I*). She ultimately dismissed that case after almost 18 months of litigation.

The only discernable difference between *Caldwell I* and the instant case (*Caldwell II*) appears to be a change in the ordering of certain counts and the consolidation of claims under the general banner of "Hostile and Abusive Working Environment." *See* Doc. 1 at ¶¶ 34–35. After filing her complaint in this action, Caldwell served the United States Attorney for the Eastern District of Missouri, the office of the Postmaster General, and Steiner. Docs. 5–7. Steiner filed a combined Motion to Dismiss and Motion for Summary Judgment in December 2024. Doc. 16. That motion was fully briefed in January 2025. *See* Docs. 21, 22. Following a dispute between Caldwell and her attorney, this Court granted leave for Caldwell's attorney to withdraw as counsel. Doc. 25. Because Caldwell did not secure new representation during a month-long pause in the case, *see id.* at 1, she is now proceeding pro se.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted).

Rule 12(b)(5) allows a defendant to move to dismiss based on "insufficient service of process." In particular, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Enter. Bank & Tr. v. May*, No. 4:20-CV-278-JAR, 2020 WL 7056011, at *2 (E.D. Mo. Dec. 2, 2020) (citation omitted). "Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law." *Rice v. Interfood, Inc.*, No. 4:19-CV-3162-HEA, 2020 WL 1815820, at *2 (E.D. Mo. Apr. 9, 2020) (citation omitted). Here, service of process was governed by Rule 4(i)(1)–(2). When serving an officer or employee in their official capacity, a plaintiff is required to serve the officer or employee, as well as the United States. *Id.* at 4(i)(2). This means that Caldwell was required to serve the United States Attorney's Office, the Attorney General of the United States, and Postmaster General Steiner. *Id.* at 4(i)(1). Further, if service is defective, "a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit." *Rice*, 2020 WL 1815820, at *2 (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996)).

**DISCUSSION**

Caldwell's Complaint suffers from at least two fatal deficiencies. First, the claims against the Postmaster General, as well as unspecified individuals and entities, must be dismissed as having been filed against improper defendants. And second, service was defective as to the only remaining Defendant.

## I.    Improper Defendants

Both parties agree that the Postmaster General, the John Does, and the XYZ Corporations are not proper Defendants in this suit. Doc. 17 at 4–5; Doc. 21 at 1; Doc. 22 at 2. The Court concurs. Particularly given Caldwell's concession, the Court dismisses these Defendants, leaving only Steiner.

## II.    Defective Service

Second is the issue of service. Caldwell bears the burden of showing that service was valid given Steiner's challenge, and this Court lacks jurisdiction regardless of any "actual notice" of the suit if service is found to be deficient. *Rice*, 2020 WL 1815820, at *2. Rule 4(i) plainly requires that the Attorney General of the United States be served, along with the United States Attorney for the Eastern District of Missouri, and Postmaster General Steiner. The Court has been unable to identify proof of service upon the Attorney General. Bafflingly, even after Steiner highlighted this oversight, Caldwell did not request a new summons or otherwise attempt to perfect service.

Instead, Caldwell's attorney argues that her paralegal followed "specific instructions provided by the clerk's office" to execute service, and that regardless, Defendants were on notice of Caldwell's claims and that the case should not be dismissed for "hypertechnical procedural arguments." Doc. 21 at 2. This argument falls short for several reasons. "Attorneys licensed to practice and appearing before the federal courts are required to follow the Federal Rules of Civil Procedure." *Atkinson v. Frank*, 1993 WL 263110, at *1 (8th Cir. 1993) (unpublished). Caldwell's

4

attorney should have independently confirmed she was serving the appropriate entities rather than playing a game of telephone with her paralegal and the Clerk's Office. Further, actual notice has no bearing on whether service can be waived, especially given that a lack of proper service deprives this Court of jurisdiction. *See Rice*, 2020 WL 1815820, at *2. Far from being a "hypertechnical procedural argument," the absence of proper service means that this Court may not take action in the case because "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Moreover, despite her own notice that service was defective for more than a year, Caldwell has made no attempt to correct the problem. Given that she is also well beyond the 90-day deadline to complete service, the Court dismisses this action without prejudice.[3] *See* FED. R. CIV. P. 4(m).

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant David Steiner's [16] Motion to Dismiss without prejudice.

So ordered this 2nd day of March 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[3] As such, the Court need not reach Steiner's argument that Caldwell's claim is barred by the statute of limitations. However, it bears noting that Steiner's unopposed Statement of Material Undisputed Fact suggests that these claims were very likely time barred. *See* 42 U.S.C. § 2000e-16(c).

5